## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVYN THOMAS** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER  VINCENT VISCO** | : | |
| **(BADGE No. 1292)** | : | **JURY TRIAL DEMANDED** |
| **individually and as a Police Officer** | : | |
| **for the City of Philadelphia;** | : | |
| | : | **CIVIL ACTION No.** |
| **POLICE OFFICER JOHN MARTIN** | : | |
| **(BADGE No. 5080)** | : | |
| **individually and as Police Officers** | : | |
| **for the City of Philadelphia;** | : | |
| | : | |
| **POLICE OFFICER REID** | : | |
| **(FIRST NAME PRESENTLY UNKNOWN)** | : | |
| **(BADGE No. 4415)** | : | |
| **individually and as Police Officers** | : | |
| **for the City of Philadelphia;** | : | |
| | : | |
| **POLICE OFFICERS JOHN DOE 1-25** | : | |
| **(BADGE Nos. PRESENTLY UNKNOWN)** | : | |
| **individually and as Police Officers** | : | |
| **for the City of Philadelphia;** | : | |
| | : | |
| **POLICE OFFICERS JANE DOE 1-25** | : | |
| **(BADGE Nos. PRESENTLY UNKNOWN)** | : | |
| **individually and as Police Officers** | : | |
| **for the City of Philadelphia;** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 United States Code § 1983.  Jurisdiction is

   based upon 28 United States Code §§ 1331 and 1341 (1), (3) and (4).  Plaintiff further

   invokes supplemental jurisdiction under 28 United States Code § 1376(a) to hear and

1

decide claims under state law.

**Parties**

2.  Plaintiff, Kevyn Thomas, is an adult male who at all material times was a resident of Philadelphia, Pennsylvania.

3.  Defendant Police Officer Vincent Visco (Badge No. 1292) was at all times relevant to this action a Police Officer of the Philadelphia Police Department. He is being sued in his individual capacity and in his capacity as an Officer of the City of Philadelphia's Police Department.

4.  Defendant Police Officer John Martin (Badge No. 5080) was at all times relevant to this action a Police Officer of the Philadelphia Police Department. He is being sued in his individual capacity and in his capacity as an Officer of the City of Philadelphia's Police Department.

5.  Defendant Police Officer Reid (Badge No. 4415) was at all times relevant to this action a Police Officer of the Philadelphia Police Department. He is being sued in his individual capacity and in his capacity as an Officer of the City of Philadelphia's Police Department.  At the present time, his first name is unknown.

6.  Upon information and belief, Defendant Police Officers John Doe 1-25 and Defendant Police Officers Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department.  Their identities are presently unknown.  Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

7.  Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs and controls the City of

Philadelphia Police Department, which employed Defendant Police Officers Visco, Martin, Reid, John Doe 1-25, and Jane Doe 1-25.

## FACTS

8.  On or about August 25, 2011, Plaintiff, Kevyn Thomas, was driving his vehicle in the area of the 5700 block of N. 11th St. in Philadelphia.

9.  A marked Philadelphia Police car drove up behind Mr. Thomas' vehicle and activated its overhead lights.  Mr. Thomas immediately pulled his car over to the side of the road.

10. Defendant Officers Visco and Martin pulled in behind Mr. Thomas' vehicle, exited their marked patrol car, and approached Mr. Thomas, who was still seated in the driver's seat.  One Defendant Officer went to the driver side of Mr. Thomas' vehicle, and the other went to the passenger side.  The Defendant Officers requested Mr. Thomas' license and insurance, which he produced.

11. The Defendant Officer on the driver side of the vehicle asked Mr. Thomas whether he had any weapons on him.  Mr. Thomas replied that he did not.  That Defendant Officer, without a warrant or other lawful justification, opened Mr. Thomas' driver door and searched Mr. Thomas' person.  No weapons were found during this illegal and unconstitutional search.

12. Contemporaneously, the Defendant Officer standing on the passenger side of the vehicle, who had drawn his service weapon and was holding it at his side, reached into front passenger seat, unlocked the doors, and, without a warrant or other lawful justification, opened the rear passenger door and got in Mr. Thomas' vehicle.

3

13. The Defendant Officer on the driver side of the vehicle asked Mr. Thomas whether he had a license to carry a firearm.  Mr. Thomas replied that he did, and handed it to the Defendant Officer.  That Defendant Officer told Mr. Thomas to get out of the car; when Mr. Thomas asked why, the Defendant Officer told him to "get the fuck out of the car" and both officers began aggressively and forcefully removing Mr. Thomas from his vehicle.

14. Other Defendant Officers came to the location where Mr. Thomas was pulled over. Multiple Defendant Officers unlawfully and without provocation assaulted Mr. Thomas, including one Defendant Officer who unlawfully and unconstitutionally shot him with a taser.  Upon information and belief, that was Defendant Officer Reid.

15. At no time did any Defendant Officer attempt to stop any other Defendant Officer's unlawful assault of Mr. Thomas.

16. At no time did Mr. Thomas break the laws of the Commonwealth of Pennsylvania or any other jurisdiction.

17. Mr. Thomas was falsely arrested and, after being taken to a hospital for treatment of the injuries he sustained during the illegal and unconstitutional attack against his person, transported to a police precinct where he was falsely charged with:

    a.   Resisting Arrest, pursuant to 18 Pa.C.S. § 5104; and

    b.   Possession of an Instrument of Crime, pursuant to 18 Pa.C.S. § 907

    c.   Recklessly Endangering Another Person, pursuant to 18 Pa.C.S. § 2705

    d.   Driving Under the Influence of Alcohol, pursuant to 75 Pa.C.S. § 3802(A)(1)

18. Mr. Thomas hired criminal legal counsel.

19. During the Defendant Officers' assault of Mr. Thomas, he sustained serious injuries

that required him to be transported to the hospital that night.  He suffered injuries including, but not limited to, bruising, significant pain, extreme discomfort, and a puncture wound from where the taser spikes penetrated his skin.

20. Mr. Thomas' injuries required substantial medical treatment and rehabilitation.

21. The Defendant Officers, along with other Officers, prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of Mr. Thomas that did not include available exculpatory evidence: the true facts about the aforementioned incident.  This police paperwork was completed in order to achieve the false arrest and malicious prosecution of Mr. Thomas, as well as to fabricate a version of events that would protect the Defendant Officers from professional consequences, potential criminal prosecution, and/or civil liability.  These misrepresentations were intentional, malicious, reckless, wanton and in bad faith and deliberately indifferent and recklessly indifferent to Mr. Thomas' rights.

22. The Defendant Police Officers did not provide exculpatory information known to them to Plaintiff or his hired legal counsel via police paperwork or any other means through the time of his trial.  Their misrepresentations and omissions are and were intentional, malicious, reckless, wanton and in bad faith and deliberately indifferent and recklessly indifferent to Mr. Thomas' rights.

23. The aforementioned police paperwork contained serious and consequential misrepresentations, including, but not limited to, that when Mr. Thomas was pulled over, his eyes were glassy and red, that he was incoherent, that he was under the influence of alcohol and/or a controlled substance, and that he initiated the incident that led to his injuries.

24. Subsequent chemical testing of Mr. Thomas' blood revealed that there was absolutely no alcohol and/or controlled substances in his system during the aforementioned events.  As a result, the DUI charge was withdrawn by the Philadelphia District Attorney's Office on January 9, 2012.

25. Following a trial, Mr. Thomas was acquitted of the remaining criminal charges on March 13, 2012; a ticket that he was issued by the Defendant Officers for driving with a non-functioning center brake light was previously dismissed on October 27, 2011.

26. All actions taken by the Defendant Officers in this matter were taken under color of state law.

27. As a direct and proximate result of the Defendants' actions, Plaintiff Kevyn Thomas was deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful searches, the right to be free from unlawful arrest, the right to be free from malicious prosecution, and the right to due process of law.  Mr. Thomas was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

28. The actions and/or inactions of the Defendants violated the clearly established federal constitutional rights of Mr. Thomas to freedom from the use of excessive, unreasonable, and unjustified force against their person, the right to be free from unlawful searches, the right to be free from unlawful arrest, the right to be free from malicious prosecution, and the right to due process of law.

29. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Mr. Thomas has suffered physical pain, substantial physical injury, loss of liberty, anxiety, fear, mental harm, and financial loss.


## COUNT I

### *42 U.S.C. § 1983: Excessive Force*
### Against All Defendant Officers

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.   More specifically, Defendant Officers intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.


## COUNT II

### *Supplemental State Law Claim: Battery*
### Against All Defendant Officers

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT III

### *42 U.S.C. § 1983: Assault*
### Against All Defendant Officers

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant Officers intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

## COUNT IV

### *Supplemental State Law Claim: Assault*
### Against All Defendant Officers

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

## COUNT V

### *42 U.S.C. § 1983: Unlawful Arrest*
### Against All Defendant Officers

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.   More specifically, Defendant Officers acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT VI

### *Supplemental State Law Claim: False Imprisonment*
### Against All Defendant Officers

40. Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT VII

### 42 U.S.C. § 1983 against Defendants Officers
### *Unjustified Search*

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law.  More specifically, Defendant Officers entered and searched Plaintiff's vehicle without probable cause, or other lawful justification, and such action was the direct and proximate cause of Plaintiffs' harm.

## COUNT VIII

### *42 U.S.C. § 1983: Malicious Prosecution*
### <u>Against All Defendant Officers</u>

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant Officers seized and arrested Plaintiff and instituted criminal proceedings against Plaintiff without probable cause and with malice.  These proceedings terminated in favor of the Plaintiff.  Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

10

## COUNT IX

### *Supplemental State Law Claim: Malicious Prosecution*
### **Against All Defendant Officers**

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

47. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant Officers seized and arrested Plaintiff and instituted criminal proceedings against Plaintiff without probable cause and with malice.   These proceedings terminated in favor of the Plaintiff.  Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

## COUNT X

### *42 U.S.C. § 1983: Conspiracy*
### **Against All Defendant Officers**

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.   More specifically, Defendant Officers, acting in concert and conspiracy, committed acts in violation of the Plaintiff's constitutional rights and against the laws of Pennsylvania. The Defendant Officers acted in conspiracy to violate the Plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and

others in order to conceal their unlawful and unconstitutional conduct.  Such actions were the direct and proximate cause of Plaintiff's harm.


## COUNT XI

### *Supplemental State Law Claim: Conspiracy*
### <u>Against All Defendant Officers</u>

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51. Defendant Officers, acting in concert and conspiracy, committed acts in violation of the Plaintiff's constitutional rights and against the laws of Pennsylvania.  The Defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.


## COUNT XII

### *Supplemental State Law Claim:*
### *Intentional Infliction of Emotional Distress*
### <u>Against All Defendant Officers</u>

52. Paragraphs 1 through 51 are incorporated herein by reference as though fully set forth.

53. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

## COUNT XIII

### *Supplemental State Law Claim:*
### *Negligent Infliction of Emotional Distress*
### <u>Against All Defendant Officers</u>

54. Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they negligently caused Plaintiff severe emotional distress by their extreme and outrageous conduct and where Plaintiff's emotional distress resulted in the manifestation of physical symptoms.

## COUNT XIV

### *42 U.S.C. § 1983: Monell*
### <u>Against Defendant City of Philadelphia</u>

56. Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant City of Philadelphia's actions and omissions.  Prior to August 25, 2011, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

58. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, such as excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

59. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity described in the preceding paragraph.

60. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.  Similarly, it was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise and train its Police Officers, including the Defendant Officers, against a code of acting in concert and conspiracy to accomplish their goals of engaging in constitutional violations.

61. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.


## **DAMAGES**

62. Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth.

63. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

    a.  compensatory damages;

    b.  punitive damages;

    c.   interest;

    d.   injunctive relief;

    e.   such other relief as appears reasonable and just; and

    f.   reasonable attorney fees and costs under 42 U.S.C. § 1988.


**Lloyd Long III, Esq.**
**KRASNER, HUGHES & LONG, LLC**
**Attorney for Plaintiff**
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500**


**Date:** _August 12, 2013_